IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CALIBER HOME LOANS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-01172-HFS |
| | ) | |
| v. | ) | |
| | ) | |
| RACHELLE JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

COME NOW defendants John and Rachelle Jones and move the Court for its Order compelling plaintiff Caliber Home Loans, Inc. to produce limited discovery relating to the right to enforce defendants' note, and further identified below. Defendants also want to notify this Court that plaintiff has agreed to waive any objection to the timeliness of this Motion to Compel since the parties conferred multiple times in recent weeks and defendants reserved their right to file a discovery motion, if needed. In support of this Motion, defendants submit the following suggestions.

**I.    THE LIMITED SCOPE OF DEFENDANTS' DISCOVERY**

The principal issue in this lawsuit is plaintiff's interest in or right to enforce defendants' note under RSMo § 400.3-301. The discovery defendants seek is designed to determine whether a valid chain of negotiation exists supporting Caliber's right to enforce as the latest holder in the chain. Defendants have the right to ask Caliber about the history of the physical possession and transfer of their loan because Caliber claims a right to enforce their note as a holder. The Supreme Court of Missouri has made it clear that every link in the chain of negotiation and transfer must be proved. See Cach, LLC v.

Askew, 358 S.W.3d 58, 62 (Mo. 2012); see also Fannie Mae v. Bostwick, 414 S.W.3d 521, 525 (Mo. Ct. App. WD 2013).

In addition, following a review of Missouri common law relating to the right to foreclose, Senior Judge Laughrey concluded that "Missouri law is clear that a court may set aside a foreclosure sale as invalid when a circumstance denies the mortgagee the right to cause the power of sale to be exercised, (cases omitted) and *ownership of the note is a prerequisite to foreclosure* in Missouri." Ball v. The Bank of New York, as Trustee for CWALT, Inc. et al., 2012 U.S. Dist. LEXIS 179878; 2012WL 6645695, at *12 (W.D. Mo. 2012) (motions to dismiss declaratory judgment and wrongful foreclosure cases filed by four classes of Missouri homeowners against four securitization trusts denied) (cases omitted) (emphasis added). Therefore, facts concerning every link in the chain are discoverable.

Further, the topic of securitization is also critical because Caliber has produced documents showing that it previously informed defendants **any of four separate entities** (LSF9 Master Participation Trust, VOLT 2015-NPL5, JPMorgan Chase Specialty Mtg. LLC, or Caliber) is the alleged holder and owner of defendants' note. These conflicting claims of note ownership confused defendants, and caused them uncertainly about which entity, if any, deserves payment. Defendants have informed plaintiff that the cases plaintiff relies on are predicated on the claim that only the owner of the note may foreclosure. Defendants here are *not* relying on that legal principle, concede that a holder may foreclosure under Missouri law, and have stated that the relevance of discovery about the note's owner goes to the issue of defending the claim of default, not the contention that only an owner may foreclose.

The parties had a similar dispute prior to the Rule 30(b)(6) deposition of plaintiff Caliber. The Court declined to prohibit discovery of securitization issues, and informed the parties to proceed to test the witness's knowledge despite Caliber's objection. The same principle should apply to discovery in the form of Interrogatories and Request for Production of Documents.

## II. PLAINTIFF REFUSES TO PRODUCE THE FOLLOWING DISCOVERY LIMITED TO FACTS CONCERNING THE RIGHT TO ENFORCE DEFENDANTS' NOTE

### A. Defendants' First Request for Production of Documents

On February 20, 2017, defendants propounded discovery designed to elicit discoverable information relating specifically to the securitization of defendants' note. On March 22, 2017, plaintiff served its answers and objections to plaintiff's First Set of Interrogatories and Request for Production of Documents. See Exhibit A attached to this Motion to Compel.

Defendants served their Golden Rule letters to plaintiff on May 25, 2017 and July 6, 2017, and, thereafter, the parties participated in good faith by conducting discovery dispute teleconferences. Defendants' Golden Rule letters are attached as Exhibit B. Defendants' First Request for Production of Documents Nos. 20-22 and 24-25 seek discoverable information as to whether a valid chain of negotiation exists supporting Caliber's right to enforce as the latest holder in the chain. Although, plaintiff supplemented its response to No. 24 on May 17, 2017, the servicing agreement it produced is incomplete and heavily redacted. Defendants request a full and unredacted copy of the applicable servicing agreement.

### B. Defendants' First Requests for Admission

On May 31, 2017, defendants propounded Requests for Admission relating to whether LSF9 Master Participation Trust, VOLT 2015-NPL5, JPMorgan Chase Specialty Mtg. LLC, or Caliber is the investor and/or owner of defendants' note. On June 29, 2017, plaintiff served its responses and objections to plaintiff's First Requests for Admissions Directed to Plaintiff. <u>See</u> Exhibit C attached to this Motion to Compel.

Caliber's response and objections to Requests for Admission Nos. 4, 6, 8, 10, 12, 16, 18, 20, 22, 24, 26, and 28 that the "document speaks for itself" is a misguided cliché. Documents don't speak for themselves, and no evidentiary principle suggests otherwise. Further these Requests simply ask if the documents are dated on a specific date or undated, or recites language stating that Volt 2015-NPL5, Caliber, JPMorgan Chase Speciality Mtg. LLC, or LSF9 Master Participation Trust is the "investor" for or "owner" of defendants' loan, which Caliber can easily admit or deny. Caliber should be compelled to answer to Requests for Admission Directed at Caliber.

### III. STATUS OF AN ANTICIPATED PROTECTIVE ORDER

The parties are at a disagreement as to the terms of a proposed Protective Order. Defendants anticipate that a proposed Protective Order will be filed soon.

### IV. CONCLUSION

For the reasons set forth above, defendants request that the Court Order the following relief:

   a. Plaintiff shall provide a response and produce documents responsive to Defendants' First Request for Production of Documents Nos. 20-22 and 24-25 within 10 days of the date of the Order;

4

b. Plaintiff shall provide a responsive answer to Defendants' First Request for Admissions Nos. Nos. 4, 6, 8, 10, 12, 16, 18, 20, 22, 24, 26, and 28 within 10 days of the date of the Order; and

c. An Order awarding defendants their attorney fees and costs incurred to prepare this Motion to Compel.

A proposed Order has been submitted.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
104 NE 72nd Street, Suite A
Gladstone, Missouri 64118
(816) 283-3380
(816) 283-0489 (Facsimile)
gleyh@leyhlaw.com
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2017, a copy of the foregoing Defendants' Motion to Compel Discovery was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may also access this filing through the Court's electronic filing system.

/s/ Gregory Leyh
Attorney for Defendants