IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CALIBER HOME LOANS, INC., | ) |
| Plaintiff, | ) Case No. 4:16-cv-01172-HFS |
| vs. | ) |
| RACHELLE JONES, *et al.*, | ) |
| Defendants. | ) |

**EXHIBIT A**

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND RESPONSES AND OBJECTIONS TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff Caliber Home Loans, Inc. ("**Caliber**"), by and through undersigned counsel, and for its Answers and Objections to Defendants' First Set of Interrogatories and Responses and Objections to Defendants' First Request for Production of Documents, states as follows:

### OBJECTIONS TO INSTRUCTIONS

Caliber objects to the Instructions to the extent they seek to impose discovery obligations beyond those required by the Fed. R. Civ. P. Caliber does not consent to the artificial time limits and unwarranted discovery burdens, among other things, that Defendants seek to impose on Caliber unilaterally through Instructions, and will only respond to the Interrogatories and Requests to Produce to the extent required by the Fed. R. Civ. P. Caliber also states that it will interpret the words used by Defendants in their Interrogatories and Request for Production consistent with their common, everyday meaning unless otherwise noted.

### INTERROGATORIES

1. State the name and addresses of all individuals employed by Caliber Home Loans,

1

Inc. who answered or assisted in providing answers to these interrogatories.

**ANSWER:** Caliber states that the following individual assisted in answering these interrogatories, whom may be contacted at the address and telephone number listed below for Caliber's counsel in this action: Alma Shalchi, Default Servicing Manager, Caliber Home Loans, Inc.

2. Please identify each physical location of defendants' note dated January 30, 2004 from the date of origination to the present.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have not alleged that Caliber does not have physical possession of the described Note, let alone at the time of the filing of this litigation. Subject to and notwithstanding these objections, Caliber began servicing the loan on or about January 15, 2015, and obtained physical possession of the Note on November 8, 2014. Caliber maintained possession from that time through the time it was sent to the undersigned's law office on August 25, 2016.

3. Identify any endorsements on defendants' note dated January 30, 2004, by indicating the date of the endorsement, the party to whom the note was endorsed, and the party who took physical possession of the endorsed note.

**ANSWER:** Caliber states that Ameriquest Mortgage Company endorsed the Defendants' Note in blank. Further answering, Caliber states that the Ameriquest Mortgage Company endorsement is not dated. Caliber began servicing the loan on or about January 15, 2015, and obtained physical possession of the Note on November 8, 2014. Caliber maintained possession from that time through the time the undersigned counsel's law office obtained physical possession on August 25, 2016.

4. Identify the dates that any party had physical possession of defendants' note dated January 30, 2004, and the length of time of physical possession.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have not alleged that Caliber does not have physical possession of the described Note, let alone at the time of the filing of this litigation. Subject to and notwithstanding these objections, Caliber began servicing the loan on or about January 15, 2015, and obtained physical possession of the Note on November 8, 2014. Caliber maintained possession from that time through the time the undersigned counsel's law office obtained physical possession on August 25, 2016.

5. Please identify all parties that at any time owned defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the ground of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Ownership of the Note has nothing to do with the right to enforce default through foreclosure. *See Fed. Nat'l. Mortg. Ass'n. V. Conover*, 428 S.W.3d 661, 669 (Mo. Ct. App. 2014). Subject to and notwithstanding these objections, Caliber incorporates its responses to no. 4.

6. Please identify all parties that at any time possessed a right to enforce defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the ground that this Interrogatory seeks a legal conclusion. Caliber further objects that this Interrogatory is overly broad. Subject to and without waiving the foregoing objection, Caliber states that it is entitled to enforce Defendants' Note as the Note is endorsed in blank and is currently in possession of Caliber's counsel.

7. Please state the date that Caliber Home Loans, Inc. possessed the original endorsed defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have not alleged that Caliber does not have physical possession of the described Note, let alone at the time of the filing of this litigation. Subject to and notwithstanding these objections, Caliber began servicing the loan on or about January 15, 2015, and obtained physical possession of the Note on November 8, 2014. Caliber maintained possession from that time through the time the undersigned counsel's law office obtained possession on August 25, 2016.

8. Please state the date that U.S. Bank Trust, N.A. possessed the original endorsed defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants are attempting to engage in discovery regarding securitization of their loan which they lack standing to challenge under Missouri law as the holder of a Note has the right to enforce it. *Bailey v. Deustche Bank Trust Co. Americas*, 2015 WL 1097393 at * 3 (W.D. Mo. March 11, 2015); *Campell v. U.S. Bank, N.A.*, 2014 WL 12621183 at * 4 (Feb. 12, 2014 W.D. Mo.)(*citing, Millon v. JP Morgan Chase Bank, N.A.*, 518 Fed. Appx. 491, 496 (8th Cir. 2013)); *Timber Point Properties III, LLC v. Bank of America, N.A.*, 2014 WL 2585825 at * 6(W.D. Mo. June 10, 2014). As the holder of Defendants' Note, Caliber is entitled to enforce it and any discovery regarding securitization should not be had in this judicial foreclosure action.

3

9. Please state the date that LSF9 Master Participation Trust possessed the original endorsed defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants are attempting to engage in discovery regarding securitization of their loan which they lack standing to challenge under Missouri law as the holder of a Note has the right to enforce it. *Bailey v. Deustche Bank Trust Co. Americas*, 2015 WL 1097393 at * 3 (W.D. Mo. March 11, 2015); *Campell v. U.S. Bank, N.A.*, 2014 WL 12621183 at * 4 (Feb. 12, 2014 W.D. Mo.)(*citing, Millon v. JP Morgan Chase Bank, N.A.*, 518 Fed. Appx. 491, 496 (8th Cir. 2013)); *Timber Point Properties III, LLC v. Bank of America, N.A.*, 2014 WL 2585825 at * 6(W.D. Mo. June 10, 2014). As the holder of Defendants' Note, Caliber is entitled to enforce it and any discovery regarding securitization should not be had in this judicial foreclosure action.

10. Please state the date that Lone Star Funds possessed the original endorsed defendants' note dated January 30, 2004.

**ANSWER:** Caliber objects on the grounds of relevance and that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants are attempting to engage in discovery regarding securitization of their loan which they lack standing to challenge under Missouri law as the holder of a Note has the right to enforce it. *Bailey v. Deustche Bank Trust Co. Americas*, 2015 WL 1097393 at * 3 (W.D. Mo. March 11, 2015); *Campell v. U.S. Bank, N.A.*, 2014 WL 12621183 at * 4 (Feb. 12, 2014 W.D. Mo.)(*citing, Millon v. JP Morgan Chase Bank, N.A.*, 518 Fed. Appx. 491, 496 (8th Cir. 2013)); *Timber Point Properties III, LLC v. Bank of America, N.A.*, 2014 WL 2585825 at * 6(W.D. Mo. June 10, 2014). As the holder of Defendants' Note, Caliber is entitled to enforce it and any discovery regarding securitization should not be had in this judicial foreclosure action.

11. Did you have insurance on losses suffered as a result of defendants' alleged default on their note? If so, identify the name of the insurance policy, policy limits, and any amounts paid under the policy.

**ANSWER:** Caliber is not currently aware of any insurance for the losses suffered on the Defendants' Note. Caliber reserves the right to amend or supplement its response to this interrogatory as necessary and in accordance with Fed. R. Civ. P. 26(e).

12. As to each and every person whom you expect to call as an expert witness at trial, please state the following:

    a. Full name and address, including street, city, state and zip code;

4

  b. Occupation;

  c. Place of employment;

  d. Qualifications to give an opinion, or if such is available on the expert's curriculum vitae, such curriculum vitae may be attached to these interrogatory answer;

  e. The general nature of the subject matter on which the expert is expected to testify, and

  f. The expert's hourly deposition fee.

**ANSWER:** Unknown at the present time. Caliber will disclose any expert witness it expects to call at trial in compliance with Fed. R. Civ. P. 26 (a)(2) and (4).

  13. Please identify each non-retained expert witness, including plaintiff, whom you expect to call at trial who may provide expert witness opinion testimony. Please provide the expert's name, address and field of expertise.

**ANSWER:** Caliber will disclose any non-retained expert witness it expects to call at trial in compliance with Fed. R. Civ. P. 26 (a)(2) and (4).

  14. Please state the name and address of each consulting expert whose report or work product was reviewed by any testifying expert witness who you may call at the trial of this case.

**ANSWER:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(a)(4)(D) regarding discovery pertaining to consulting experts. Caliber will comply with Fed. R. Civ. P. 26 (a)(2) and (4) regarding any expert it expects to call at trial.

## DOCUMENT REQUESTS

  1. Provide for inspection the original promissory note signed by defendants dated January 30, 2004.

**RESPONSE:** Caliber will produce the original note for inspection at a mutually agreeably date, time and location. By way of further response, Caliber directs Defendants to Exhibit B of the Complaint which is a copy of the Original Note.

5

2. Provide a complete copy of defendants' loan payment history.

**RESPONSE:** Caliber produces documents bates labeled JONRACHL 000778-000799.

3. Provide any and all assignments, negotiations, and/or transfers of defendants' note dated January 30, 2004.

**RESPONSE:** Caliber objects that "any and all" is overly broad, vague and unduly burdensome. Caliber further objects that the temporal scope of this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Caliber will produce a standard copy of Defendants' Note dated January 30, 2004, with all endorsements. See documents bates labeled JONRACHL000019-000021.

4. Provide any and all assignment and/or transfers of defendants' Deed of Trust dated January 30, 2004.

**RESPONSE:** Caliber objects that "any and all" is overly broad and unduly burdensome. Subject to and without waiving this objection, Caliber will produce of copy of the Assignments filed with the Clay County Recorder of Deeds on July 1, 2015, September 21, 2015, and October 13, 2015. Said documents are bates labeled as JONRACHL000022-000028.

5. Provide a complete copy of the defendants' original custodial file or origination file.

**RESPONSE:** Caliber objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Subject to and without waiving these objections, Caliber will provide origination documents for Defendants' loan to the extent that such documents are in its possession.

6. All documents relating to Interrogatory No. 2.

**RESPONSE:** Caliber objects to this request as being unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber further objects on the ground of relevance, the temporal scope of this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Caliber incorporates its objections and answer to interrogatory no. 2 and documents produced herewith.

7. All documents relating to Interrogatory No. 3.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber further objects on the ground of relevance, the temporal scope of this request is overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Caliber incorporates its objections and answer to interrogatory no. 3. and Defendants' Note produced herewith.

        8.      All documents relating to Interrogatory No. 4.

**RESPONSE:** Caliber objects that "all" is overly broad and the request is also unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber further objects on the ground of relevance, the temporal scope of this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Caliber incorporates its objections and answer to interrogatory no. 4 and Defendants' Note produced herewith.

        9.      All documents relating to Interrogatory No. 5.

**RESPONSE:** Caliber objects that "all" is overly broad and on the ground of relevance. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Ownership of the Note has nothing to do with the right to enforce default through foreclosure. *See Fed. Nat'l. Mortg. Ass'n. V. Conover*, 428 S.W.3d 661, 669 (Mo. Ct. App. 2014). Subject to and notwithstanding these objections, Caliber incorporates its answer to interrogatory no. 5.

        10.     All documents relating to Interrogatory No. 6.

**RESPONSE:** Caliber objects that "all" is overly broad and the request is unduly burdensome to the extent it seeks documents not in the possession of Caliber. Subject to and without waiving these objections, Caliber incorporates its answer to interrogatory no. 6 and Defendants' Note and Caliber documents produced herewith.

        11.     All documents relating to Interrogatory No. 7.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome. Subject to and without waiving these objections, Caliber incorporates its answer to interrogatory no. 7 and Defendants' Note and Caliber documents produced herewith.

        12.     All documents relating to Interrogatory No. 8.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome. The request is also unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure. Subject to and without waiving this objection, Caliber incorporates its answer to interrogatory no. 8, Defendants' Note and Caliber documents produced herewith.

7

13. All documents relating to Interrogatory No. 9.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome. The request is also unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure. Subject to and without waiving this objection, Caliber incorporates its answer to interrogatory no. 9, Defendants' Note and Caliber documents produced herewith.

14. All documents relating to Interrogatory No. 10.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome. The request is also unduly burdensome to the extent it seeks documents not in the possession of Caliber. Caliber objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure. Subject to and without waiving this objection, Caliber incorporates its answer to interrogatory no. 10, Defendants' Note and Caliber documents produced herewith.

15. All documents relating to Interrogatory No. 11.

**RESPONSE:** Caliber objects that "all" is overly broad and unduly burdensome. Subject to and without waiving this objection, Caliber incorporates its answer to interrogatory no. 11.

16. All documents relating to Interrogatory No. 12.

**RESPONSE:** Caliber objects that "all" is overly broad as it is beyond the scope of Fed. R. Civ. P. 26. Caliber will disclose documents in compliance with Fed. R. Civ. 26(a)(2) and (4) regarding expert testimony.

17. All documents relating to Interrogatory No. 13.

**RESPONSE:** Caliber objects that "all" is overly broad as it is beyond the scope of Fed. R. Civ. P. 26. Caliber will disclose documents in compliance with Fed. R. Civ. 26(a)(2) and (4) regarding expert testimony.

18. All documents relating to Interrogatory No. 14.

**RESPONSE:** Caliber objects that "all" is overly broad as it is beyond the scope of Fed. R. Civ. P. 26. Caliber will disclose documents in compliance with Fed. R. Civ. 26(a)(2) and (4) regarding expert testimony.

19. Provide all documents relating to a loan made to defendants on or about January 30, 2004, including documents relating to the sale of defendants' note to any entity, amount of money received from any sale, and any writings describing or referencing the sale.

**RESPONSE:** Caliber objects to the "all" as being overly broad and unduly burdensome. The request is also overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

20. Provide a fully signed and executed hard copy of any Pooling and Servicing Agreement applicable to defendants' note dated January 30, 2004.

**RESPONSE:** Caliber objects that this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance because borrowers are not third-party beneficiaries of pooling and servicing agreements and lack standing to challenge any provision thereof. *Bailey v. Deustche Bank Trust Co. Americas*, 2015 WL 1097393 at * 3 (W.D. Mo. March 11, 2015); *Campell v. U.S. Bank, N.A.*, 2014 WL 12621183 at * 4 (Feb. 12, 2014 W.D. Mo.)(*citing, Millon v. JP Morgan Chase Bank, N.A.*, 518 Fed. Appx. 491, 496 (8th Cir. 2013)); *Timber Point Properties III, LLC v. Bank of America, N.A.*, 2014 WL 2585825 at * 6( W.D. Mo. June 10, 2014). Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

21. Provide all documents showing the amount of the purchase of each sale of defendants' note dated January 30, 2004.

**RESPONSE:** Caliber objects to the "all" as being overly broad and unduly burdensome. Caliber objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

22. Provide all writings relating to each sale of defendants' note dated January 30, 2004.

9

**RESPONSE:** Caliber objects to the "all" as being overly broad and unduly burdensome. Caliber this request is not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

23. Provide a copy of Caliber's written Document Retention Policy.

**RESPONSE:** Caliber objects that this request is overly broad as there is no temporal limitation, it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects that the request seeks production of information which constitutes confidential, proprietary business information. Finally, Caliber objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

24. Provide a hard copy of the applicable servicing agreement(s) in relation to defendants' Deed of Trust dated January 30, 2004.

**RESPONSE:** Caliber objects that this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the basis that the Defendants lack standing to enforce the terms of the servicing agreement relative to their loan. *Victorian v. Wells Fargo Home Mortgage*, 2015 WL 8663993 at *4 (E.D. Mo. Dec. 14, 2015). Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

25. Provide a hard copy of the applicable tri-party agreement and/or custodial agreement in relation to defendants' Deed of Trust dated January 30, 2004.

**RESPONSE:** Caliber objects that this request is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

26. Provide all copies of Notice(s) of Default sent to defendants.

**RESPONSE:** See Caliber documents bates labeled as JONRACHL 000148-000151, 000448-000452, and 000478-00481.

27. Provide all evidence relating to defendants' receipt of the Notice(s) of Default, including the date of receipt.

10

**RESPONSE:** Caliber to this request on the basis that Defendants are attempting to impose a legal burden on Caliber that does not exist by seeking "evidence" that they received Notice(s) of Default, including the date of receipt neither of which are a legal perquisite under the terms of the Note and Deed of Trust. Subject to and without waiving this objection, see responsive Caliber documents mailed to the borrowers at the property address bates labeled as JONRACHL 000148-000151, 000448-000452, and 000478-00481.

28. Provide any and all receipts for all escrow charges for real estate taxes and insurance on the defendants' property.

**RESPONSE:** Caliber produces document bates labeled as JONRACHL000813.

29. Provide any and all receipts for all fees charged to borrowers that have been added to the borrowers' loan's principal balance (not origination fees).

**RESPONSE:** Caliber produces documents bates labeled JONRACHL 000806-000809.

30. Provide all inspection reports regarding the subject property.

**RESPONSE:** Caliber produces documents bates labeled JONRACHL 000810-000828.

31. Provide all inspection photographs regarding the subject property.

**RESPONSE:** See response to request no. 30.

32. Provide all BPO reports regarding the subject property.

**RESPONSE:** Caliber produces documents bates labeled JONRACHL 000829-000830.

33. Provide all letter logs regarding defendants' loan.

**RESPONSE:** Caliber has no such documents in its possession.

34. Provide all documents showing communication to and from Caliber and borrowers.

**RESPONSE:** See Caliber documents produced herewith.

35. Provide all screen prints of internal case notes relating to the borrowers' loan. If you object to this request as to attorney-client privilege, please provide a privilege log with your responses.

11

**RESPONSE:** Caliber objects that this request is vague. Subject to and without waiving this objection, Caliber produces documents bates labeled as JONRACHL 000633-000652.

36. Provide all documents relating to any reinstatement or payoff amounts for defendants' loan.

**RESPONSE:** Caliber produces documents bates labeled as JONRACHL 000529, 000582-000583, 000829-000830.

37. Provide copies of all checks issued by Caliber or its agent for any corporate advances.

**RESPONSE:** Caliber objects to the "all" as being overly broad and unduly burdensome as the request is not limited to Defendants' loan. Subject to and without waiving this objection, Caliber has no such documents in its possession.

38. Provide copies of all checks issued by Caliber or its agent for any recoverable advances.

**RESPONSE:** Caliber objects to the "all" as being overly broad and unduly burdensome. Subject to and without waiving this objection, and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure. Subject to and without waiving this objection, Caliber has no such documents in its possession.

39. Provide copies of all checks issued by Caliber or its agent for any third party recoverable advances.

**RESPONSE:** Caliber objects to the "all" and "any" as being overly broad and unduly burdensome. The request is also vague as agent and third party recoverable advances are undefined. Subject to and without waiving this objection, Caliber has no such documents in its possession.

40. Provide all invoices, statements, and receipts submitted by Substitute Trustee Corporation and received by Caliber or its agent regarding the subject property.

**RESPONSE:** Caliber has no such documents in its possession.

12

41. Provide all invoices, statements, and receipts submitted by Kozeny & McCubbin, L.C. and received by Caliber or its agent regarding the subject property.

**RESPONSE:** Caliber objects to the "all" as being overly broad, vague as agent is undefined and unduly burdensome. Caliber further objects on the basis that some of communications responsive to this request are protected by the attorney client privilege. Caliber will provide a privilege log and produces non-privileged documents.

42. Provide any checklist or documents used by Caliber in evaluating corporate fees and costs.

**RESPONSE:** Caliber objects that this request is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects that the request seeks production of information which constitutes confidential, proprietary business information. Finally, Caliber objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

43. Provide all documents regarding Caliber's hourly approval limit regarding corporate advances.

**RESPONSE:** Caliber objects to the "all" as overly broad. Further the request is vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects that the request seeks production of information which constitutes confidential, proprietary business information. Finally, Caliber objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

44. Provide all title reports regarding the subject property.

**RESPONSE:** Caliber produces documents bates labeled JONRACHL00329-00033.

45. Provide the loan transfer history regarding the subject property.

**RESPONSE:** Caliber objects that this request is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Caliber further objects on the ground of relevance as Defendants have not provided any good faith basis to explain how such documents could possibly be relevant to any cognizable claim or bear any relationship to Plaintiff's Complaint for Judicial Foreclosure.

46. Provide copies of all checks issued by Caliber or its agent to Substitute Trustee Corporation concerning defendants' loan.

**RESPONSE:** Caliber has no such documents in its possession.

47. Provide copies of all checks issued by Caliber or its agent Kozeny & McCubbin, L.C. concerning defendants' loan.

**RESPONSE:** Caliber has no such documents in its possession.

48. Any and all documents supporting or evidencing any person(s) retained or specially employed by you to provide expert testimony and that you expect to testify at trial, specifically including documents support or evidencing:

   a. Qualifications of each and every person to provide expert testimony, including each person's resume;

   b. Treatises, texts, or other documents reviewed, relied upon, evaluated, or utilized by such person(s); and

   c. Reports, opinions, and other documents generated or produced by such person(s) supporting or evidencing the claims or defenses in the action.

**RESPONSE:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(b)(4)(B) regarding discovery pertaining to any expert it expects to testify at trial. Caliber will comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) regarding any expert it expects to call at trial.

49. Any and all expert reports that were or will be reviewed or prepared by a testifying expert in this case.

**RESPONSE:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(b)(4)(B) and (C) regarding discovery pertaining to any expert it expects to testify at trial. Caliber will comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) regarding any expert it expects to call at trial.

50. Any and all expert reports or documents that were or will be relied upon in whole or in party by any testifying expert in this case.

**RESPONSE:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(b)(4)(B) and (C) regarding discovery pertaining to any expert it expects to testify at trial. Caliber will comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) regarding any expert it expects to call at trial.

51. Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in party by a testifying expert.

**RESPONSE:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(b)(4)(B) and (C) regarding discovery pertaining to any expert it expects to testify at trial. Caliber will comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) regarding any expert it expects to call at trial.

52. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those that would include his or her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:** Caliber objects to this interrogatory on the basis that it beyond the scope of Fed. R. Civ. P. 26(b)(4)(B) and (C) regarding discovery pertaining to any expert it expects to testify at trial. Caliber will comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) regarding any expert it expects to call at trial.

Respectfully submitted,

KOZENY & MCCUBBIN, L.C.

/s/ Wesley T. Kozeny
Wesley T. Kozeny, #34600
Casey C. Cira, #56746
4210 Shawnee Mission Pkwy., Ste. 203A
Fairway, KS 66205
Telephone:  (314) 991-0255
            (913) 677-0253
Facsimile:  (913) 831-6014
Email:      wkozeny@km-law.com
            ccira@km-law.com
**Attorneys for Plaintiff**

## PLAINTIFF'S SWORN STATEMENT

STATE OF _____ )
                               ) s.s.
COUNTY OF _____ )

      The below named person, being duly sworn on oath states that she has read the foregoing Interrogatories and the answers given are true to the best of affiant's knowledge and belief.

_____
Affiant

      The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of March, 2017.

_____
Notary Public

"See attached"

## PLAINTIFF'S SWORN STATEMENT

STATE OF __CA__ )
                ) s.s.
COUNTY OF __San Diego__ )

The below named person, being duly sworn on oath states that she has read the foregoing Interrogatories and the answers given are true to the best of affiant's knowledge and belief.

Affiant __Alma Shalabi__

The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of March, 2017.

_See attached_
Notary Public

16

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 22 day of March, 2017, by Alma Shalchi, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

LATISHA BELL
COMM. # 2144492
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. February 28, 2020

Signature _____
Latisha Bell, Notary Public