IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CALIBER HOME LOANS, INC., )
)
Plaintiff, )
)
v. ) Case No. 16-1172-CV-W-HFS
)
RACHELLE JONES, JOHN JONES )
et al., )
)
Defendants. )

**ORDER**

In this foreclosure action, defendants wife and husband, Rachelle and John Jones, have filed a motion to compel discovery. Specifically, they seek documents establishing whether plaintiff, Caliber Home Loans, has a right to enforce a note as the latest holder in the chain, pursuant to R.S.Mo. § 400.3-301. The Joneses state that they are in receipt of documents produced by Caliber indicating that the note was previously held and owned by LSF9 Master Participation Trust, VOLT 2015-NPL5, and JPMorgan Chase Specialty Mtg. LLC. The Joneses contend that the conflicting claims of note ownership caused them uncertainty about which entity they should remit payment. And, while not contesting that an owner has the right of foreclosure, the Joneses seek limited discovery as to whether a valid chain of negotiation exists supporting Caliber's right to enforce as the latest holder of the

note. The Joneses contend that this information is crucial in their defense of the claimed default upon which the foreclosure is predicated. They seek an order directing Caliber to provide responses and produce documents to the First Request for Production of Documents Nos. 20-22 and 24-25, as well as responsive answers to their First Request for Admissions Nos. 4, 6, 8, 10, 12, 16, 18, 20, 22, 24, 26, and 28.

In support of their motion, the Joneses point to the deposition testimony of Caliber's representative, Tonya Tillman, who stated that Caliber took physical possession of the note in 2015 and began servicing the loan, and in 2016, physical possession of the note was transferred to Kozeny. (Reply Brief: Exh. 1, pg. 95). As to "ownership," Tillman testified that owners of the note at different times included Ameriquest, JPMorgan Chase Bank, JPMorgan Chase Specialty Mortgage, LSF9 Master Participation Trust, Caliber, VOLT and U.S. Bank. (Id: pg. 96).

Caliber resists the motion and complains that the Joneses failed to comply with Local Rule 37.1 prior to filing this motion. Caliber also argues that much of the information requested has been provided to the Joneses since the filing of the motion. Thus, in their reply brief, the Joneses now seek limited discovery pertaining only to their First Request for Production of Documents No. 20 (request for the applicable Pooling and Servicing Agreement), No. 22 (request for all

writings relating to each sale of the Joneses' note dated January 30, 2004), and No. 24 (request for the securitization servicing agreement).

Caliber argues that under Missouri law the note is governed by Article 3 of the Uniform Commercial Code, and as the possessor of the note it is entitled to enforce it even though it may not be the owner. Merz v. First Nat'l Bank of Franklin City, 682 S.W.2d 500 (Mo. Ct. App. 1984). In reliance on In re Washington, 468 B.R. 846 (Bankr.W.D.Mo. 2011), Caliber argues that even if not the owner of the note, it is entitled to enforce the instrument. The issue in In re Washington was whether the plaintiffs lacked standing to raise breaches of the Pooling and Service Agreements, and in finding the note to be a negotiable instrument, the court upheld the defendant's right to enforce the note based, in part, on the fact that it was undisputed that the defendant possessed the endorsed note at all times relevant to the note's enforcement. Washington, 468 B.R. at 853-54. Such is not the case here, where there is evidence of possession and/or ownership by various entities.

Caliber states, and the Joneses do not dispute, that Caliber has offered the note for inspection. And, the Joneses acknowledge that in response to No. 24 of the First Request for the Production of Documents, i.e. the securitization servicing agreement, Caliber has provided the document, but it is heavily redacted making it unacceptable. The Joneses argue that to the extent Caliber bases enforcement of the

note on its possession of it, "ownership" of the note is a prerequisite to foreclosure in Missouri. Ball v. Bank of New York, 2012 WL 6645695 *4 (W.D.Mo.). Similar to the plaintiffs in Ball, the Joneses seek discovery on the chain of negotiation of the note in order to defend against the alleged default leading to foreclosure of their property. Under such circumstances, Missouri law is clear that a court may set aside a foreclosure sale as invalid when a circumstance denies the mortgagee the right to cause the power of sale to be exercised. Ball, at *4; citing, Morris v. Wells Fargo Home Mortg., 2011 WL 3665150, at *2 (E.D.Mo.).

While a debtor generally lacks standing to contest the validity of an assignment of debt, the debtor may do so if he or she will be prejudiced; and, one form of the prejudice is, as claimed here by the Joneses, that they will be exposed to multiple judgments. Ball, at *5; citing, Barker v. Danner, 903 S.W.2d 950, 955 (Mo.Ct.App. 1995); see also, Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, 399 Fed App'x 97, 102 (6th Cir. 2010) (obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice). In fact, this is the very possibility that possession of the note is meant to prevent, which is that possession of the note insures that this creditor and not an unknown one is the one entitled to exercise rights under the deed of trust, and that the debtor will not be obligated to pay twice. Id.

While Ball has been questioned, Campbell v. U.S. Bank, N.A., 2014 WL 12621183 (W.D.Mo.), and is said to represent "the minority position among district judges" (Schwend v. U.S.Bank, N.A., 2013 WL 686592 (E.D.Mo.)), a full development of the facts is desirable before reaching a legal conclusion.

I conclude that the Joneses are entitled to the discovery sought, and I note that, after additional time was granted, discovery in this matter closed on July 28, 2017, and dispositive motions, not yet fully briefed, have been filed by the parties. Thus, discovery will be permitted for the limited purpose of the documents sought in the First Request for the Production of Documents Nos. 20, 22, and 24. Additional time, upon motion, will be granted to complete briefing of the dispositive motions. Caliber has agreed to some disclosure by way of a Protective Order, which the parties are now directed to confer in a reasonable fashion and reach agreement.

Accordingly, it is hereby

ORDERED that defendants' motion to compel discovery (ECF doc. 47) is GRANTED, and the parties are directed to file a joint proposed protective order within fourteen days from the date of this order, consistent with this opinion. It is further

ORDERED that the joint motion for an extension of remaining pretrial deadlines (ECF doc. 56) is GRANTED. Scheduling Order deadlines remaining

after the expiration of the dispositive motion deadline are extended to twenty one days after a ruling issues on the dispositive motions.

/s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

October 18, 2017

Kansas City, Missouri