IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CALIBER HOME LOANS, INC.,    )
                             )
Plaintiff,                   )
                             )
    v.                       )        Case No. 16-1172-CV-W-HFS
                             )
RACHELLE JONES, JOHN JONES   )
et al.,                      )
                             )
Defendants.                  )

## MEMORANDUM AND ORDER

Presently pending before the court in this judicial foreclosure action is a

motion for partial summary judgment filed by defendant homeowners, John Jones

and Rachelle Jones. (Doc. 52). Plaintiff, Caliber Home Loans, Inc., has filed a

motion for summary judgment (Doc. 54), and a motion for leave to file its reply

brief in excess of the page limitation. (Doc. 69).

Background

On or about January 30, 2004, defendants borrowed $97,500 from

Ameriquest Mortgage Company, and became the owners of property located at 102

NE Evansdale Road, Kansas City, Mo. by a Quit Claim Deed dated February 6,

2004. (Complaint: ¶¶ 8-9; Exh. A). Defendants executed a Note in the amount of

$97,500 and delivered it to Ameriquest. (Id: ¶ 9; Exh. B). To secure payment of the

1

Note, defendants also signed a Deed of Trust in favor of Ameriquest. (Id: ¶ 10; Exh. C).

An Affidavit of Missing or Incomplete Assignment dated July 24, 2014, was recorded on the Property on October 13, 2015 by JP Morgan Chase Bank. (Id: ¶ 11; Exh. D). An Assignment of the Deed of Trust dated March 12, 2015, was recorded on July 1, 2015, by JP Morgan Chase Bank which transferred the Deed of Trust to LSF9 Master Participation Trust. (Id; Exh. F). An Assignment of the mortgage/deed of trust dated September 14, 2015, was recorded on the Property on September 21, 2015, in which LSF9 Master Participation Trust transferred all beneficial interest under the mortgage/deed of trust to U.S.Bank Trust, N.A. as trustee for the LSF9 Master Trust. (Id: ¶ 12; Exh. E). A Missouri Assignment of the Deed of Trust was allegedly executed and recorded on July 1, 2015. (Id: ¶ 13).

Caliber states that it obtained possession of the original Note on November 8, 2014, and began servicing the loan on January 15, 2015. (Id: ¶ 14). On or about April 18, 2016, Caliber states it sent notice to defendants of their default on the Note and Deed of Trust by failure to timely make monthly payments. (Id: ¶ 15). On August 25, 2016, foreclosure counsel allegedly obtained possession of the Note from Caliber. (Id: ¶ 14). Caliber states that the principal sum of $89,957.74 is due plus interest at 9.990% per annum from March 1, 2016 until paid, plus any

Case 4:16-cv-01172-HFS   Document 71   Filed 09/20/18   Page 2 of 18

negative escrow balance. ¶¶(Id: ¶ 16). As of October 21, 2016, the total debt allegedly owed including interest and escrow is $92,201.60. (Id).

Caliber seeks, among other things, judgment in this amount, a determination as to the rights of the parties, and an order directing the sale of the Property if the total debt is not paid within ten days after entry of an order. (Id: ¶¶ 24(A)(C)(F).

Summary Judgment Standard

Summary judgment should be granted when the moving party is entitled to judgment as a matter of law because the record contains no genuine issues of material fact. Drake v. Wells Fargo Bank, N.A., 2013 WL 11541917 (W.D.Mo.). Fed.R.Civ.P. 56(a). The court views the facts and draws all reasonable inferences in favor of the non-moving party. Id.

Discussion

A. Defendants' Partial Motion For Summary Judgment

Rule 30(b)(6) Deposition

In seeking partial summary judgment, defendants claim that Caliber is not the holder of the Note, and, thus, does not have a right to foreclose. Defendants base their argument on the deposition testimony of Tonya Tillman, who as a default servicing officer at Caliber, was trained by Caliber regarding enforcement

of notes by a holder and testified that Caliber is not the holder of the Note. (Defendants' Mot. Partial Summ. Judg.: ¶¶ 3-7, see also, Exh. 1).

Defendants cite to RSMo § 400.3-301 for the proposition that the "holder" of a negotiable instrument is permitted to enforce the instrument, and contend that Ms. Tillman's testimony established that Caliber was not a holder of the Note. Defendants also argue that Tillman's testimony is binding on Caliber as an admission pursuant to Rule 30(b)(6). Murphy v. Kmart Corp., 255 F.R.D. 497, 506 (D.S.D. 2009) (a Rule 30(b)(6) deposition serves a unique function – it is the sworn corporate admission that is binding on the corporation).

Review of the relevant Tillman testimony is as follows:

Q: Do you know what the word holder means in the context of enforcing notes?

A: Yes.


Q: What?

A: Meaning they have either physical or constructural (sic) possession.
(Defendants' Mot. Partial Summ. Judg.: Exh. 1, Tonya Tillman Depo. Pg.8, lines 14-20).


Q: And you believe if a bank or a trust has physical or constructural possession then that they're a holder? – Caliber's counsel objected to the extent it called for a legal conclusion, but subject to that.

A: From what I understand, yes.
(Id: pg. 8, line 25; pg. 9, lines 1-5). Caliber's objection, legal conclusion.

4

Q: Okay. And do you know whether or not a note needs an endorsement on it in order to be enforceable by a holder?

A: Depending, and it depends on a few things.
(Id: pg. 9, lines 17-24) Caliber's continuing objection.


Q: Yes, ma'am. This note is not enforceable by Caliber because it was never owned by Caliber. Right?

A: That's correct.


Q: And Caliber was never a holder of the note. Right.

A: Right.
(Id: pg. 142, lines 12-18). Caliber's continuing objection.


Caliber argues that where as here the testimony consists of legal conclusions - to which it promptly objected – the testimony is not binding on it. Southern Wine and Spirits of America, Inc. v. Division of Alcohol and Tobacco Control, 731 F.3d 799, 811 (8th Cir. 2013)(a 30(b)(6) witness's legal conclusions are not binding on the party who designated him).

An organization responding to a Rule 30(b)(6) deposition notice must designate a person or persons to testify on its behalf, and the organization has a duty to prepare the designated deponent so they can answer fully, completely, and unevasively the questions posed. West Liberty Foods, L.L.C. v. Perdue Farms, Inc., 2011 WL 13233174 *1 (S.D.Iowa). Caliber argues that notwithstanding its obligation to prepare and produce Ms. Tillman as a deponent, her testimony as to

5

Caliber's legal rights as a holder of the Note went beyond factual matters into legal conclusions which was not a proper subject for Rule 30(b)(6) inquiry. Id. In reviewing the nuances between factual and legal inquiries during a deposition, the court in West Liberty Foods, took note of the opinion in Degenhart v. Arthur State Bank, 2011 WL 4351491 * 3 (S.D.Ga.), which reminded the parties that the purpose of Rule 30(b)(6) is to enable an artificial entity (e.g. a corporation) to disgorge its relevant knowledge (not legal analysis) through a human representative. And, in the event there is a good-faith belief that a question calls for legal analysis, an objection can be made on that basis and then that will be the witness' sanction-free answer. Degenhart, at *2. In Furminator, Inc. v. Munchkin, Inc., 2009 WL 1176285 (E.D.Mo.), the court reviewed deposition topics that the defendants claimed required legal conclusions or expert testimony, and upon determining that those topics called for legal conclusions, the court held that they were not proper subjects for 30(b)(6) inquiry and granted defendants' motion for protective order. Id, at *2-*3.

Caliber further argues that allegations regarding an interest in property, identity of the original lender, holder of the note, a nonholder in possession of the note, or a person in possession of the note who is entitled to enforce it pursuant to Missouri law are legal conclusions. Kulovic v. BAC Home Loans Servicing, L.P., 2011 WL 1483374 *7 (E.D.Mo.); citing, In re Box, 2010 WL 2228289 * 3

6

(Bankr.W.D. Mo.) (finding the converse statement, that a party is the holder of the Promissory Note and Deed of Trust, is a legal conclusion). And, while similar allegations were found to be merely unsupported legal conclusions or naked assertions, they were determined to be legal conclusions nonetheless. White v. BAC Home Loans Servicing, L.P., 2011 WL 1483901 *6 (E.D.Mo.). Thus, Ms. Tillman's responses to questions pertaining to Caliber's status as a purported holder of the Note under Southern Wines equate to legal conclusions not binding on Caliber. Id, at 811. Consequently, defendants' motion for partial summary judgment based on the Tillman deposition fails to demonstrate absence of a genuine issue of material fact and will, therefore, be denied.[1]

B. Caliber's Motion For Summary Judgment

Caliber claims it is the current servicer of the Note and is in possession of the original Note signed by defendants which was subsequently endorsed in blank. (Caliber Mot. Summ. Judg., SUMF: ¶¶ 2-4). Alternatively, Caliber contends that it is also entitled to enforce the Note as a nonholder in possession of the Note after Chase transferred the Note to it to service and enforce. (Id: ¶ 6). Defendants argue these contentions are absent from Caliber's complaint (Doc. 61, p. 7). While the

---

[1] Moreover, classification as a "holder" is not necessary to recovery as discussed below.

7

complaint is less explicit than might be desired, a statutory reference includes this alternative. Doc. 1, ¶ 14.

In opposition, defendants register procedural objections, but do not controvert Caliber's stated facts, a decision that can prove fatal at the summary judgment stage. L&B Services, LLC v. Star Construction, LLC, 2018 WL 3370576 *2 (E.D.Mo.). A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. Id. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed.R.Civ.P. 56(c), and unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment. Id, at *2-*3; see also, Davis v. Webb, 2014 WL 1809680 (E.D.Mo.).

Rather than comply with the federal rules governing civil procedure defendants oppose summary judgment by arguing that Caliber itself failed to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In particular defendants contend that many of Caliber's statement of facts "SOF" do not reference the location in the record that establish the facts, and point to SOFs 94, 99, 100, 103 and 104. Contrary to defendants' contention, each of these SOFs recite to specific deposition testimony noted in the record as exhibits, or refer to the affidavit of Caliber's Assistant Vice President, Brian

Arnold II (Caliber Mot. Summ. Judg.: Exh. 1, Caliber Affidavit), or the declaration of Derick C. Albers (Id: Exh. 2).

Defendants claim Mr. Albers has no personal knowledge and they take issue with Mr. Albers' declaration of exhibits as true and accurate copies. Defendants also take issue with Mr. Arnold's stated review of records without some evidence of his familiarity with the business and record-keeping systems at the company. As Assistant Vice President of Collateral Management in Caliber's mortgage loan servicing operations and his averment that his affidavit is based on, among other things, his personal knowledge is sufficient evidence of his familiarity with the exhibits. Finally, defendants' claim that the referenced records lack authentication which is fatal to their admissibility, and they erroneously rely on Al-Zubaidy v. TEK Industries, Inc., 406 F.3d 1030 (8th Cir. 2005) for the proposition that an unauthenticated document may not be considered on a motion for summary judgment. This is a rather broad view of the court's actual wording that "evidence as opposed to mere contentions avoids summary judgment." 406 F.3d at 1036.[2] In sum, defendants' arguments that Caliber's supporting documents constitute hearsay and are inadmissible due to lack of authenticity and personal knowledge, is not persuasive. The standard is not whether the material relied on at the summary

---

[2] The language comes from a case where a contention that defendant "only hires young people" had no sufficient evidentiary support. Mayer v. Nextel West Corp., 318 F.3d 803, 809 (8th Cir. 2003); abrogated on other grounds, Torgerson v. City of Rochester, 318 F.3d 803 (8th Cir. 2003) .

9

judgment stage would be admissible at trial, but rather, whether an admissible form can reasonably be anticipated. Gannon Intern, Ltd. v. Blocker, 684 F.3d 785, 793 (8th Cir. 2012). Gannon has been used in foreclosure actions relating to records. United States v. Swecker, 2016 WL 8905473 (S.D.Iowa); Citimortgage v. Mason Dixon Funding, Inc., 2012 WL 13055580 (E.D. Mo.). Further elaboration in Caliber's reply brief (Doc. 70) is persuasive.

Finally, defendants rely on the arguments presented in their motion for partial summary judgment, i.e. the seven statements of uncontroverted facts and the testimony of the 30(b) corporate witness Ms. Tillman. However, neither is helpful in defendants' quest to avoid summary judgment, and as noted above Ms. Tillman's responses to questions regarding status of the Note were legal conclusions not binding on Caliber.

Nevertheless, defendants' failure to properly respond to the motion for summary judgment does not mean that summary judgment will automatically be granted in favor of Caliber. Davis v. Webb, 2014 WL 1809680 at *1. Caliber is still required to establish entitlement to judgment as a matter of law on the undisputed facts. Id.

Missouri is a mortgage state, in which the debtor or mortgagor is the owner of the real estate, and title resides with the owner. In re Burche, 249 B.R. 518, 522 (W.D.Mo. 2000). The creditor or mortgagee holds only a security interest in the

real estate, and the right to foreclose and gain possession of the real estate in the event of default. Id. A mortgage is a pledge of property, a deed or contract that specifies, in writing, the terms of the pledge; and the pledge is extinguished once the obligation is satisfied. Id. A deed is a written instrument by which land is conveyed, and a Deed of Trust "DOT" is a deed that conveys title of the real property to a trustee, to hold in trust, as security until the mortgagor repays the loan. Id. In practice, the trustee sells the real estate, at the request of the mortgagee, if the mortgagor defaults on his obligation. Id.

In mortgage states such as Missouri, the mortgagee can obtain possession of real property in the event of default by the use of either judicial or nonjudicial foreclosure. Id. In judicial foreclosure, the mortgagee files a petition or complaint for foreclosure with the court, and the mortgagor has 30 days to respond. Id. If no response is filed, the mortgagee can ask for summary judgment as long as it can prove the mortgagor is in default; and if summary judgment is granted, the court or the lender sets a date for a sheriff's sale. Id, at 522-23. This is a time consuming and costly process for lenders. Id, at 523. Nevertheless, Caliber seeks foreclosure relief through this judicial action as opposed to proceeding through a nonjudicial foreclosure due to defendants' threat to file suit in the event Caliber pursued a non-judicial foreclosure. (Caliber Mot. Summ. Judg.: pg. 1, ¶ 1).

The parties do not dispute that the Note at question here is a negotiable instrument under U.C.C. Article 3, therefore § 400.3-301 governs who may enforce the Note and foreclose on the Property. <u>Barnes v. Federal Home Loan Mortg. Corp.</u>, 2013 WL 1314200 *4 (W.D.Mo.). Missouri law does not require Caliber to have physical possession of the Note, and under Missouri law a party need not own a note to enforce it. <u>Id</u>. Mo. Rev. Stat. § 400.3-301 states that persons entitled to enforce an instrument are:

> (i) the holder of the instrument,
>
> (ii) a nonholder in possession of the instrument who has the rights of a holder, or
>
> (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 400.3-3.09 or 400.3-418(d)
>
> <u>Barnes v. Federal Home Loan Mortg. Corp.</u>, 2013 WL 1314200 *3 (W.D.Mo.).

Caliber contends that Chase, the prior servicer and holder of the Note, transferred the Note to it in November of 2014, for the purpose of servicing and enforcing the Note. (Caliber's Mot. Summ. Judg.: pg. 29; see also, SUMF: ¶¶ 64-76). In support of its self-identification as servicer of the Note, Caliber provides the testimony of defendant Rachelle Jones who admits that she was aware that Caliber notified her that it had taken over the servicing of the loan (Id: Exh. 3, pg. 125

lines 18-25); Ms Jones also admitted that upon receiving this notice she began making payments to Caliber. (Id: pg. 127 lines 19-25; pg. 128 line 1). Although defendants had an ongoing dispute with various servicers regarding the amount owed, Ms. Jones admitted payments were sometimes untimely and acknowledged receipt of notices of intent of foreclosure from Chase and Caliber. (Id: pgs. 133, 142-43; see also, Complaint: Exh. G, Caliber Letter to defendants dated Apr. 18, 2016).

Caliber explains that in March of 2015, Chase assigned its interest in the Deed of Trust and the Note to LSF9 Master Participation Trust. (Id, n. 10; see also SUMF:¶ 101). In September of 2015, LSF9 Trust assigned its interest in the documents to U.S. Bank Trust, N.A. as trustee for the LSF9 Trust. (Id; see also, SUMF:¶ 102). Then, LSF9 Trust as owner of the Note and U.S. Bank as trustee gave Caliber authority to service and enforce the Note. (Id; SUMF: ¶¶ 101-03). And Caliber argues that it has retained authority from U.S. Bank as trustee for the LSF9 Master Participation Trust to continue to service and enforce the Note. (Id: pg. 32, ¶ 103).

As previously noted, defendants do not controvert in general or specifically Caliber's statements of uncontroverted facts; thus, defendants have effectively admitted the statements presented by Caliber. Harris v. Interstate Brands Corp., 348 F.3d 761, 762 (8th Cir. 2003). Defendants' evidentiary arguments regarding

13

hearsay and lack of personal knowledge on the part of Caliber's affiants do not help them avoid summary judgment. Mere assertions of general skepticism are insufficient to defeat summary judgment, and " 'metaphysical doubt' " is all that defendants have offered. Gannon, 684 F.3d at 792, 794.[3]

Caliber has demonstrated that the record contains no genuine issues of material fact disputing its right to service and enforce the Note. Drake v. Wells Fargo Bank, N.A., 2013 WL 11541917 at *2-*3. Thus, it is entitled to judgment as a matter of law.

Accordingly, it is hereby

ORDERED that defendants' motion for partial summary judgment (Doc. 52) is DENIED. It is further

ORDERED that plaintiff's motion for summary judgment (Doc. 54) is GRANTED, and the clerk of the court is directed to enter judgment on behalf of plaintiff. It is further

ORDERED that plaintiff's motion for leave to file reply brief in excess of the page limitation (Doc. 69) is DENIED as moot.

---

[3] It may be acknowledged that defendants' position has some appeal in light of the perception of untraceable manipulation of lending records earlier in the century, but the transactions here, although by no means simple, are fairly straight-forward.

It is further ORDERED that the clerk of the court:

A.     Enter judgment against Defendants Rachelle Jones and John Jones, wife and husband, for the principal sum of $84,957.74 plus interest thereon in accordance with the terms of the Note at 9.990% per annum currently from March 1, 2016, thereafter until paid, plus any negative escrow balance, and any other sums which Plaintiff has advanced and may hereafter advance and pay under the terms and conditions of the Note and Deed of Trust together with interest thereon. The total debt owed as of October 21, 2016, including interest and escrow is $92,201.60;

B.     Enter judgment against Defendants Rachelle Jones and John Jones for the costs of collections including attorney fees in enforcing the default provisions of the Deed of Trust and Note;

The rights and priorities of the parties to this action be determined;

C.     Enter judgment declaring said judgment and the Deed of Trust a first and prior lien on the Property described in the Deed of Trust dated January 30, 2004 and recorded February 20, 2004, in Book #4506, Page 620 in the Clay County Recorder of Deeds Office, more fully described as follows, to-wit:

LOT 11, BLOCK 4, RESURVEY OF NORTHCREST, A SUBDIVISION IN KANSAS CITY, CLAY COUNTY, MISSOURI, ACCORDING TO THE RECORDED PLAT THEREOF.

15

Commonly known as 102 NE Evansdale Rd., Kansas City, MO 64116;

D.      Enter judgment directing foreclosure of the Deed of Trust dated January 30, 2004 and recorded February 20, 2004,   Book #4506, Page 620, in the Clay County Recorder of Deeds Office;

E.      Enter judgment declaring, decreeing and adjudging that if Plaintiff is not paid the principal and interest found due Plaintiff within ten days after the date of said judgment, that an Order of Sale then be issued out of this Court, directed to the United States Marshal, Western District of Missouri, commanding him to advertise and sell said real property described in the Deed of Trust dated January 30, 2004, and recorded February 20, 2004,   Book #4506, Page 620, in the Clay County Recorder of Deeds Office, and reformed by this judgment, according to the law and to apply the proceeds of said sale as follows:

a.      To the payment of the costs of this action, including the costs of sale;

b.      To the payment of ad valorem taxes found to be due and unpaid on said
        real property, if any;

c.      To the payment of Plaintiff's judgment with interest found due Plaintiff;
        and

d.      The balance, if any, to be paid to the Clerk of the Court to abide with
        further orders of the Court;

16

F.     Enter judgment that Plaintiff Caliber Home Loans, Inc., its successors and assigns, or the holder of the indebtedness should it not be Caliber Home Loans, Inc., can bid at said sale not with cash, but as a credit against the indebtedness;

G.     Enter judgment declaring the equity of redemption extinguished;

H.     Enter judgment that a personal judgment against Defendants Rachelle Jones and John Jones, for any deficiency due to Caliber Home Loans, Inc., after the foreclosure sale of the Property;

I.     Enter judgment declaring, decreeing and adjudging that upon said sale being made and confirmed and upon expiration of the period of redemption herein, the United States Marshal, Western District of Missouri, be ordered and directed to execute and to deliver to the purchaser of said sale or its successors or assigns, as the case may be, a good and sufficient Marshal's Deed for all of said real property and, thereupon, all the right, claim, title, interest or lien and equity of redemption of the Defendants named in this Complaint and those persons claiming by, through or under them, be forever barred or extinguished.

It is further

ORDERED that jurisdiction is retained to supplement or amend this Order.

*/s/ Howard F. Sachs*

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

September 20, 2018

Kansas City, Missouri